### PROVISIONS FOR ARTIFICIAL DRAINAGE.

Circuit Court of Licking County.

THE TOLEDO & OHIO CENTRAL RAILWAY COMPANY v. THE BOARD
OF COUNTY COMMISSIONERS OF LICKING COUNTY.

Decided, October Term, 1912.

*Ditches—Action to Enjoin Levy of Assessment—Against Railway Right-
of-way for County Ditch— Pleading—Benefits.*

Allegations by a railway company that its right-of-way has ample and
sufficient drainage and the construction of a county ditch would
be of no benefit to the company are good against demurrer in an
action to enjoin the levying of an assessment against the company's
right-of-way for the construction of such a ditch.

*Kibler & Kibler* and *Lewis, Finley & Gallinger,* for plaintiff.
*Phil. B. Smythe,* Prosecuting Attorney, and *J. M. Swartz,*
contra.

BY THE COURT (VOORHEES, SHIELDS AND POWELL, JJ.).

The petition in this case seeks to enjoin the commissioners
from constructing a county ditch near or upon the right-of-way
of the plaintiff company, and from collecting an assessment
levied by said commissioners against the plaintiff for the con-
struction of said ditch.

The grounds alleged in the petition upon which relief is sought
are that the plaintiff's grounds have ample and sufficient drain-
age without the construction of said ditch; that it would be of
no benefit whatever to the plaintiff to have such county ditch
constructed; that it has sufficient drainage upon lower lands
adjoining its own, without the construction of any ditch, and also
that the assessment made by the commissioners for the construc-
tion of said ditch was made according to the watershed drained,
and not according to the rule of benefits.

We think the petition recites a cause of action.    It is held in
the 54th Ohio State, page 247, that:

"Where the lands of an owner, by reason of their situation, are provided with sufficient natural drainage, they are not liable for the cost and expense of a ditch necessary for the drainage of other lands, simply for the reason that the surface water of his lands naturally drain therefrom to and upon the lands requiring artificial drainage.

"In making an assessment on lands benefitted by artificial drainage, the extent of their water shed is not the proper rule, but the amount of surface water for which artificial drainage is required to make them cultivable, and the benefits that will accrue to the lands from such drainage."

We think that, under this authority, the petition is sufficient, and that the demurrer to the same should be overruled. Exceptions may be noted. Leave will be granted defendant to answer within thirty days.